UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DARRECK SONGER, individually and on behalf of all others similarly situated** § § § **Plaintiffs,** § § vs. § § **ADVANCED BUILDING SERVICES, LLC.** § § § § **Defendant.** § § § | **Docket No. _____** **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Darreck Songer (hereinafter "Plaintiff" or "Songer") brings this lawsuit to recover unpaid overtime wages and other damages from Advanced Building Services, LLC ("ABS" or "Defendant") for himself and all others similarly situated technicians under the Fair Labor Standards Act ("FLSA"). Defendant paid all of its technicians a base salary and daily rate or field bonus for field work and no overtime compensation for hours worked in excess of 40 hours a week. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.   THE PARTIES

4. Plaintiff worked for Defendant as a technician during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

5. The nationwide class of similarly situated employees ("Putative Class Members") consists of

> **ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY ADVANCED BUILDING SERVICES LLC DURING THE PAST THREE YEARS; (B) WORKED AS A TECHNICIAN; AND (C) WERE PAID A BASE SALARY AND DAY RATE WITH NO OVERTIME COMPENSATION**

6. Defendant is headquartered in Houston, Texas and may be served by serving its registered agent: Herman A. Stuart Sr., 2010 Fairview, Houston, Texas 77019.

### IV.   COVERAGE UNDER THE FLSA

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTS

11. Defendant is in the oilfield service business and provides oil companies with custom manufacturing and turnkey servicing of oilfield accommodations. Defendant provides these services through blue collar laborers known as "technicians."

12. Over the statutory time period, Defendant has employed hundreds of technicians throughout the United States of America in virtually every major shale play. While exact job titles may differ slightly, these employees were subjected to the same or similar illegal pay practices for similar work.

13. Technicians' primary job functions include the construction, servicing and rigging of portable accommodations. The accommodations are rigged up and down in accordance with specific construction plans and blueprints.

14. Technicians' job functions are primarily manual labor/technical in nature, requiring little to no official training. Likewise, college education is not required to be a technician for Defendant. Instead, technicians are required to have basic knowledge of carpentry, electrical, maintenance and plumbing. They are required to work for long hours at a time, in remote locations, and harsh environments.

15. All of Defendant's technicians worked similar hours making service calls and rigging up and down Defendant's pre-fabricated facilities. All of Defendant's technicians were paid a base salary and a day rate or "bonus" ranging from $100.00 to $150.00 a day for time

spent in the field. All of Defendant's technicians worked substantial amounts of overtime each week without overtime compensation.

## VI.   FLSA Violations

16. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

17. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Defendant not to properly pay overtime compensation to their technicians was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.   Collective Action Allegations

18. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members nationwide.

19. The Putative Class Members all received a salary plus a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

20. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

21. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII.   RELIEF SOUGHT

22. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        By: */s/ Michael A. Josephson*
        Michael A. Josephson
        Fed. Id. 27157
        State Bar No. 24014780
        mjosephson@fibichlaw.com
        Andrew W. Dunlap
        Fed Id. 1093163
        State Bar No. 24078444
        adunlap@fibichlaw.com
        Lindsay R. Itkin
        Fed Id. 1458866
        State Bar No. 24068647
        litkin@fibichlaw.com
        **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
        1150 Bissonnet
        Houston, Texas 77005
        713-751-0025 – Telephone
        713-751-0030 – Facsimile

        **AND**

        Richard J. (Rex) Burch
        Fed. Id. 21615
        Texas Bar No. 24001807
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**