# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARRECK SONGER, Individually and on behalf of all others similarly situated | § § § | CIVIL ACTION NO. |
| Plaintiffs, | § § | 4:14-cv-03154 |
| VS. | § § | JURY TRIAL DEMANDED |
| ADVANCED BUILDING SERVICES, LLC | § § | |
| Defendant. | § | COLLECTIVE ACTION |

### JOINT REPORT OF THE MEETING &
### JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party**.

    Andrew W. Dunlap attended for Plaintiff and Kindall C. James attended for Defendant.  The conference was held via telephone on March 17, 2015.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3. **Briefly describe what this case is about.**

    Plaintiff contends that he and all other Putative Class Members worked for Defendant as technicians, received a base salary and day rate, and no overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff contends that he performed largely technical and manual labor type job duties. Defendant denies that Plaintiff, or the Putative Class Members, are owed overtime or any other relief under the FLSA. Defendant asserts that Plaintiff and the Putative Class Members were at all pertinent times exempt from the overtime provisions of the FLSA pursuant to multiple statutory and regulatory exemptions, including but not limited to, the provisions set forth at 29 U.S.C. § 213(a)(1) and (b)(1); 49 U.S.C. § § 13501, 13102, 31132, 31502; 29 CFR §§ 541.100-203 and 541.600-606.

4.      **Specify the allegation of federal jurisdiction.**

The court has jurisdiction over the matter under 28 U.S.C. § 1331.

5.      **Name the parties who disagree and the reasons.**

None.

6.      **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Please see response to No. 8.  If this action is allowed to proceed as a collective action, additional plaintiffs may opt-in.   No other additional parties are anticipated.

7.      **List anticipated interventions.**

The parties do not anticipate any interventions.

8.      **Describe class-action issues.**

Plaintiff brings this case as a collective action for all similarly situated workers employed by Defendant.  Plaintiff asserts that these workers are similarly situated to Plaintiff with respect to the FLSA claims set forth in the Complaint.  Therefore, Plaintiff may ask this Court for the opportunity to send court-authorized notice to these workers who were employed during the past three years, providing them the opportunity to participate in this case if they so desire.

Defendant denies that the named Plaintiff is similarly situated to the described workers, denies that Plaintiff is a proper representative of the class, and denies that certification of this lawsuit as a collective action is proper.

9.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures shall be made by Plaintiffs and Defendants no later than March 27, 2015.

10.     **Describe the proposed agreed discovery plan, including:**

A.      **Responses to all the matters raised in Rule 26(f)(3).**

The parties do not currently see any need to modify the discovery rules for this case.

**B.**     **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates that it may send interrogatories to defendant before the close of discovery.

**C.**     **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff before the close of discovery.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking depositions of the Defendant's corporate representative with knowledge of Defendant's payroll, record-keeping, employment practices, and other topics that Plaintiff identifies in the discovery process.  Plaintiff also anticipates taking depositions of any witnesses identified by Defendant, and any witnesses with relevant information before the close of discovery.  Plaintiff may also take the depositions of any expert witnesses identified by Defendant, and any other person whose deposition testimony becomes desirable based on information developed during discovery.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiff and any opt-in plaintiffs and any persons identified by these individuals  who have knowledge of facts relevant to the subject matter of this lawsuit. Additionally, Defendant may take the depositions of any individual who has knowledge about the allegations of Plaintiff, as well as the defenses and offsets available to Defendant.  Defendant may also take the depositions of any expert witnesses identified by Plaintiff, and any other person whose deposition testimony is desired based on information developed during discovery.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The party with the burden of proof will designate its experts by September 20, 2015.

The opposing party will designate its experts by October 20, 2015.

3

G.    **List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Plaintiff anticipates taking expert depositions, if any, by the close of discovery.

H.    **List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Defendant anticipates taking expert depositions, if any, by the close of discovery.

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

There are no disagreements regarding discovery at this time.

12.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

13.    **State the date the planned discovery can reasonably be completed.**

December 20, 2015

14.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Resolution of this matter may be possible after additional discovery / fact investigation is complete.

Plaintiff has requested the workweek and compensation data for the Putative Class Members. This information will allow Plaintiff to prepare a demand and begin good faith settlement discussions before both parties incur a substantial amount of resources.

15.    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation may be a suitable form of alternative dispute resolution after additional discovery/fact investigation is complete.

16.    **Magistrate judges may now hear jury and non-jury trials.   Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

17.    **State whether a jury demand has been made and if it was made on time.**

A jury was timely demanded.

18.    **Specify the number of hours it will take to present the evidence in this case.**

24-32 hours. This estimate, however, is subject to change upon further discovery.

19.    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

20.    **List other motions pending.**

None.

21.    **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

22.    **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed its Certificate of Interested Parties on February 10, 2015. ECF No. 6.

Defendant filed its Certificate of Interested Parties on March 19, 2015.

23.   **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Plaintiff:**
Michael A. Josephson
Andrew Dunlap
Lindsay Itkin
FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON
1150 Bissonnet Street
Houston, TX 77005
(713) 751-0025
(713) 751-0030 (facsimile)
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

AND

Richard J. (Rex) Burch
BRUCKNER & BURCH LLC
8 Greenway Plaza, #1500
Houston, TX 77046
(713) 877-8788
(713) 877-8065 facsimile
rburch@brucknerburchcom

**Counsel for Defendant:**
Kindall C. James ( Bar No. 24086755)
Federal Bar No. 2181655
Alma F. Gomez ( Bar No. 240696800)
Federal Bar No. 1087002
LISKOW & LEWIS
1001 Fannin, Suite 1800
Houston, Texas 77002
 (713) 651-2900
 (713) 651-2908 (facsimile)
kjames@liskow.com
afgomez@liskow.com

Thomas J. McGoey (La. Bar. No. 18330)
(Pro Hac Vice Motion pending)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
tjmcgoey@liskow.com

Respectfully submitted

/s/ *Kindall C. James*
Kindall C. James (Bar No. 24086755)
Federal Bar No. 2181655
Alma F. Gomez (Bar No. 240696800)
Federal Bar No. 1087002
LISKOW & LEWIS
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908

Attorneys for Defendant Advanced Building
Services, LLC

/s/ *Andrew W. Dunlap*
Andrew W. Dunlap
Texas Bar No. 24078444
Federal Bar No. 1093163
FIBICH LEEBRON ET AL
1150 Bissonnet St.
Houston, TX 77005
(713) 751-0025
adunlap@fibichlaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served
upon all counsel of record by efiling notice, by placing same in the United States mail,
properly addressed and postage prepaid, and/or by electronic mail this 20th day of March,
2015.

/s/ *Kindall C. James*
Kindall C. James