**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DARRECK SONGER, individually and on behalf of all others similarly situated | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-14-3154 |
| ADVANCED BUILDING SERVICES, LLC | § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

The defendant, Advanced Building Services, LLC ("ABS"), provides mobile accommodations for workers in the oil-and-gas industry. The plaintiffs are ABS service technicians whose job is constructing, maintaining, and dismantling the mobile units. (Docket Entry No. 19, Ex. 5). On November 5, 2014, named plaintiff Darreck Songer sued under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of himself and other similarly situated employees. The complaint alleged that ABS violated the FLSA by misclassifying the service technicians as exempt and employing them "for workweeks longer than 40 hours without compensating [them] for their employment in excess of 40 hours per week at rates no less than one and one half the regular rates for which they were employed." (Docket Entry No. 1, at p. 4). Darreck Songer sought back wages, liquidated damages, attorneys' fees, and costs.

ABS has moved to dismiss the complaint for lack of subject-matter jurisdiction. (Docket Entry No. 21). The plaintiffs responded, (Docket Entry No. 25), ABS replied, (Docket Entry No. 27), and the court heard argument on the issue. For the reasons set out below, the court denies ABS's motion to dismiss.

1

**I.      The Legal Standard for a 12(b)(1) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Masidon*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quotation marks omitted); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261. The plaintiff has the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**II.     Analysis**

The FLSA provides that "[n]o employee shall be a party plaintiff to any [FLSA] action

unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). An action under the FLSA commences "on the date when the complaint is filed, if [the plaintiff] is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date . . . ." *Id.* § 256(a). "[I]f such written consent was not so filed or if [the plaintiff's] name did not so appear[, the action commences] on the subsequent date on which such written consent is filed in the court in which the action was commenced." *Id.* § 256(b).

Darreck Songer was the named and only plaintiff on November 5, 2014, when he filed the case. (Docket Entry No. 1). Although the docket sheet states that he filed a notice of consent on November 10, 2014, and December 5, 2014, the consent was not signed by Darreck Songer, but by "Darrell Songer," who is Darreck's father and himself a former ABS employee. (Docket Entry No. 1, Ex. A). Darrell Songer was not, however, an ABS service technician. Instead, he worked as an operations manger. Three additional plaintiffs opted in to the putative collective action on November 10, 2014, and a fourth on December 5, 2014, all filing consents. (Docket Entry No. 4, Ex. A; Docket Entry No. 5, Ex. A).

On May 22, 2015, Darrell Songer moved to certify a collective action of the ABS technicians denied overtime. (Docket Entry No. 19). On June 16, 2015, ABS moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, based on Darreck Songer's failure to file a consent. (Docket Entry No. 21). A day later, Darreck Songer filed his written consent, the fifth plaintiff to do so. (Docket Entry No. 23, Ex. A).

ABS argues that Darreck Songer's failure to file a written consent when the complaint was filed is a "jurisdictional defect [that] cannot be cured." (Docket Entry No. 21, at p. 1). ABS reasons

that because Darrell Songer was the only plaintiff who had filed a written consent when the complaint was filed, and because Darrell Songer is not a member of the putative collective action, the complaint must be dismissed for want of subject-matter jurisdiction. (*E.g.*, Docket Entry No. 27, at p. 1). According to ABS, Darrell Songer cannot have suffered an injury-in-fact from ABS's allegedly illegal corporate policy of misclassifying service technicians as exempt from the FLSA's overtime requirements. (Docket Entry No. 21, at p. 6–7). The plaintiffs counter that Darreck Songer's failure to simultaneously file his written consent with the complaint is a statutory, rather than a jurisdictional, defect, which was rectified when he filed his written consent approximately seven months after filing the suit. (*Compare* Docket Entry No. 1, *with* Docket Entry No. 23).

ABS cites the FLSA's provision that "[n]o employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Section 216(b) does not require the complaint and the named plaintiff's written consent to be filed at the same time. To be sure, a plaintiff must file written consent with the court to become an FLSA party plaintiff; filing the complaint is not enough. *See Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1208 (5th Cir. 1981). But the FLSA explicitly contemplates that a plaintiff may file an FLSA complaint and at some later time file his or her written consent. Section 256(b) states that if a party plaintiff named in the complaint does not file his written consent on the date when the action was brought, the action is considered commenced as to that plaintiff on the date he or she does file written consent. *See* 29 U.S.C. § 256(b).

The parties have not identified binding precedent squarely addressing this issue, but persuasive case law points in the plaintiffs' favor. For example, in *Moran v. Ceiling Fans Direct,*

*Inc.*, 2007 WL 3256571 (S.D. Tex. 2007), the court permitted the named plaintiffs to file their written consents more than a year after they had filed their first amended complaint. *Id.* at *3. In that case, as here, "[n]o individual claimant both is specifically named in the complaint and filed a written consent on the date the complaint was filed." *Id.* The court allowed the named parties to file their written consent months after filing suit. *Id.* The late-filed consent affected when the statue of limitations ran, but jurisdiction was not at issue.

Similarly, in *Aros v. United Rentals, Inc.*, 269 F.R.D. 176 (D. Conn. 2010), the court permitted the named plaintiff to file his written consent months after he filed suit. *Id.* at 181. As here, the consent was filed after the motion for conditional certification was filed.[1] The *Aros* court explained:

> Under 29 U.S.C. § 216(b), all plaintiffs must "give ... consent in writing" to become a party to a collective action brought under the FLSA. 29 U.S.C. § 216(b) ("section 216(b)"). Section 216(b), as United Rentals points out, draws no distinction between named plaintiffs and plaintiffs who opt in to the litigation at a later stage. *See, e.g.*, *Gonzalez v. El Acajutla Restaurant, Inc.*, 2007 WL 869583, at *5 (E.D.N.Y. Mar. 20, 2007) ("The case law, like the statute itself, requires named plaintiffs as well as others to submit a written consent to join in a collective action under the FLSA, and is not satisfied by the filing of the complaint itself."). In this case, Aros filed his written consent pursuant to section 216(b) on July 15, 2010, two days after United Rentals submitted its Memorandum in Opposition to the Motion for Conditional Certification (Doc. No. 34).
>
> The court refuses to deny the Motion for Conditional Certification on the basis that Aros did not file his section 216(b) written consent form prior to—or at the same time as—the instant Motion for Conditional Certification. First, while written consent forms in FLSA litigation have particular significance with respect to the statute of limitations, United Rentals has no plausible argument (and indeed does not argue) that the statute of limitations bars the instant claim due to the fact that the

---

[1] The confusion over the names—Darreck and Darrell— extends to the certification motion. At the hearing, counsel for the plaintiffs clarified that Darreck Songer, not his father Darrell, is seeking certification. Darrell is likely not a member of the putative class and does not seek to represent those who opt in to the class.

> section 216(b) written consent form was only filed on July 15, 2010.  In FLSA collective action suits, the statute of limitations is tolled when a plaintiff files written consent pursuant to section 216(b). 29 U.S.C. § 256.  Because this case alleges a "willful and intentional" violation of the FLSA, Comp. at ¶ 21, the applicable statute of limitations is three years. 29 U.S.C. § 255(a).  This lawsuit, as stated above, was brought for violations committed in 2008.  Therefore, assuming that the statute of limitations was tolled on July 15, 2010, the date on which the written consent form was filed, the lawsuit is timely.
>
> [United Rentals' Memorandum in Opposition states that, "[e]ven if Plaintiff subsequently files his consent, such an action should not be considered to cure the procedural defect since Plaintiff's motion was not ripe at the time of filing." Mem. in Opp. at 20.  However, United Rentals has cited no statutes or cases—and the court has found none—indicating that the court may not decide the instant Motion for Conditional Certification, given that the section 216(b) written consent form has now been filed.  Nothing in the FLSA itself appears to preclude the court from resolving the Motion for Conditional Certification, given that the written consent has now been filed.  *See Oetinger v. First Residential Mortg. Network, Inc.*, 2007 WL 734859, at *2 (W.D. Ky. Mar. 6, 2007) ("Defendant argues that each Plaintiff must file written consent to be party to a FLSA action . . . . Such written consent has been filed and Defendant's argument is, as it concedes in its Reply, moot.").]
>
> Second, as the Second Circuit has made clear, the FLSA is a remedial statute, and the federal courts should give it a liberal construction.  *See, e.g.*, *Braunstein v. E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978).  The court concludes that denying the Motion for Conditional Certification—on the basis that Aros did not file his consent form until July 15, 2010—would undermine the FLSA's broad remedial purpose.  *See, e.g.*, *Gonzalez*, 2007 WL 869583, at *5 ("To the extent that the applicable rule is counter-intuitive—in that it assumes that a plaintiff who files a complaint in his own name does not actually intend to join in his own lawsuit unless he files an additional document saying, in effect, 'and I mean it'—it creates a trap for the unwary that runs counter to the statute's remedial goal.").  This is especially true given that Aros submitted his section 216(b) written consent form quite promptly after the Memorandum in Opposition, which highlights this deficiency, was filed.

*Id.* at 181–182 & n.4 (footnote omitted).

Other district courts have taken a similar approach.  *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 765 n.6 (N.D. Tex. 2013) (filing written consent after a motion for conditional certification mooted the defendant's objection that the case had not yet commenced).

6

ABS relies on cases in which the named plaintiffs' claims became moot, and another plaintiff was then prevented from trying to join the putative class or collective action in their stead. *E.g.*, *Murray v. Fidelity Nat'l Fin., Inc.*, 594 F.3d 419 (5th Cir. 2010) (class action); *Scully v. Premier Directional Drilling L.P.*, 2015 U.S. Dist. LEXIS 43982 (S.D. Tex. 2015) (FLSA collective action); *Smith v. EJR Dining, LLC*, 2013 U.S. Dist. LEXIS 44303 (N.D. Ill. 2013) (FLSA collective action). Neither the text of the FLSA nor the relevant cases interpreting that statute support the arguments ABS makes.

The Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), does not provide support. In *Genesis*, the Supreme Court held that when the only named plaintiff's claims become moot, the plaintiff "has no personal interest in representing putative, unnamed claimants" in an FLSA collective action, and the action should be dismissed for lack of subject-matter jurisdiction. *Id.* at 1532. Darreck Songer's FLSA claims are not moot. Darreck Songer is the named plaintiff, according to the complaint, and he has filed a written consent with the court. *Id.* at 1530 (FLSA plaintiffs "become parties to a collective action only by filing written consent with the court."). Counsel has clarified that Darreck Songer is the Songer moving for certification. The statute of limitations does not bar Darreck Songer's claim. *Id.* at 1531 (a damages claim "remains live until it is settled, judicially resolved, or barred by a statute of limitations"). The Court's holding in *Genesis* does not require dismissal of the present action for lack of subject-matter jurisdiction.

**III.    Conclusion**

For these reasons, ABS's motion to dismiss for lack of subject-matter jurisdiction, (Docket

7

Entry No. 21), is denied.

        SIGNED on September 2, 2015, at Houston, Texas.

                                        Lee H. Rosenthal
                                  United States District Judge